1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSHUA LEE BYERLEY,

              Plaintiff,

    v.

KIM HOLLAND, et al.,

              Defendants.

CASE NO. 1:14-cv-00489-MJS

ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM

(ECF NO. 1)

AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

Plaintiff Joshua Lee Byerley, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 7, 2014. (ECF No. 1.)  His complaint is now before the Court for screening.

### II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon

which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   SUMMARY OF COMPLAINT

Plaintiff identifies Kim Holland, Warden of California Correctional Center 4A-SHU, Appeals Coordinators I. Alomari and T. Jackson, Nurse J. Settles, Case Records Analyst S. Baker, and G. Sandor, K. Lopez, R. Escargega, S. Sanchez III, S. Casillas, S. Dickerson, R. Curliss, J. Woods, A. Cantu, C. Lucas, B. Laird, Serena, E. Atencio, J. Avalos, A. Schoolcraft, G. Lewis, T. Jones, J. Guiterrez, B. Wedertz, P. Matzen, K. Allen, M. Dailo, K. Westergren, and A. Smith as the defendants. Plaintiff's allegations can be summarized essentially as follows:

On December 8, 2013, Plaintiff filed a grievance because the shower was out of order and Defendant Correctional Officers Sanchez, Woods, and Curliss were not providing weekly supplies. On December 9, 2013, in response to the grievance, Sanchez searched Plaintiff's cell and falsely accused him of destroying state property, and Woods verbally threatened and "sexually harassed" Plaintiff. (Compl. at 3.)

As further retribution for the grievances, Defendant Correctional Officers assaulted Plaintiff on December 13, 2013. Officer Sanchez beat him with a baton and injured his knees and right thigh. Officer Casillas observed Sanchez beating Plaintiff, but failed to stop him, and then directly joined the assault. Officer Dickerson obtained leg shackles from Officer Cantu and placed them on Plaintiff. Officers Dickerson, Casillas, and Sanchez held Plaintiff down while Officer Curliss continued his assault on Plaintiff. Officer Serena also joined in the assault. Sergeant Escargega and Officer Cantu saw the assault and took no action to stop it.

After the assault, Plaintiff was seen by Nurse Settles who refused him medical triage treatment and failed to record all of his injuries.

Plaintiff was interviewed by Sergeant Escarcega regarding the incident. He advised Plaintiff that he would be unable to prevent future assaults.

Defendant Correctional Officers tampered with legal mail Plaintiff tried to send on December 15, 2013, January 31, 2014, and February 18, 2014, by mailing either part or none of it.

On February 28, 2014, Officer Laird searched Plaintiff's cell in an attempt to locate and destroy Plaintiff's grievances and other documents regarding the assault.

Appeals Coordinators Alomari and Jackson rejected Plaintiff's grievances regarding the assault, and they informed Officers Curliss, Sanchez, and Woods of the grievances, causing them to assault Plaintiff a second time.

Officers Sanchez, Casillas, Dickerson, and Cantu, and Defendants Escarcega, Dailo, Westergren, Smith, Lopez, Lucas, Allen, Lewis and Gutierrez fabricated reports about the assault on Plaintiff. Defendants Lucas, Dailo, Allen, Gutierrez, Lewis, Jones, Lopez, and Schoolcraft wrongly found Plaintiff guilty of resisting/obstructing a peace officer and approved a reduction in Plaintiff's good time credits. Defendants Holland, Gutierrez, Sandor, Lewis, Matzen, Allen, and Wedertz knew of the assault and that the other Defendants filed false reports about it.

On March 13, 2014, Baker imposed a 60-day "credit loss" to Plaintiff based on his grievance appeals. (Compl. at 7.) Defendants Holland, Gutierrez, Allen and Wedertz imposed a 90-day credit loss based on the assault incident.

Plaintiff seeks injunctive and declaratory relief and monetary damages against Defendants for their violation of his First, Eighth, and Fourteenth Amendment rights.

## IV.   ANALYSIS

### A.   Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method

3

for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  *Id.*

## B.    Unrelated Claims

Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party."  However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . ."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U.S.C. § 1915(g)).

Plaintiff attempts to bring multiple unrelated constitutional claims against multiple defendants.  Plaintiff alleges multiple separate issues or occurrences: 1) excessive force in retaliation for his filing of grievances, 2) inadequate medical care, and 3) interference with his mail and access to the courts.[1]

Plaintiff's claims against Defendants for retaliation, excessive force, and failure to intervene arise out of the same series of transactions, *i.e.* the assault on Plaintiff as retaliation for his filing grievances.  To the extent any such claims are found to be cognizable, they may be joined in one action.

By contrast, Plaintiff's claim against Nurse Settles may not be so joined. As alleged, Nurse Settles' alleged medical indifference is factually unrelated to any retaliation against Plaintiff by the other Defendants.  Unless Plaintiff can allege truthful facts, not just speculation, showing that the allegedly indifferent medical care was part of the retaliation, he must bring any proposed claim against Nurse Settles in a separate cause of action.

The same is true, in part, of Plaintiffs' claims regarding his legal mail and access to the courts.  He brings claims regarding his legal mail against two sets of Defendants: 1) Defendants Curlis, Woods, and Sanchez for allegedly removing his legal mail about the assault, and 2) Defendants Atencio and Avalos who worked in the mail room when Plaintiff's unrelated legal mail was being improperly processed.  While Plaintiff's said claims against Defendants Curlis, Woods, and Sanchez may be joined with the other retaliation claims since they relate back to that retaliation, his claims against Defendants Atencio and Avalos occurred on separate occasions and are unrelated to any alleged

---

[1] Plaintiff also attempted to assert a Fourteenth Amendment due process claim relating to the handling of his grievances and a Fourth Amendment unreasonable search claim.  However, as will be seen below, Plaintiff has not properly asserted such claims and, given the facts alleged and applicable law, will not be able to do so. Since he will not be given leave to amend these claims, the Court's discussion of the impropriety of joining unrelated claims will not include reference to them.  Plaintiff may not assert such claims in any amended or new complaint.

retaliation against Plaintiff.   These claims may not all be joined with the retaliation claims.[2]

Plaintiff will be given leave to amend.   If he chooses to do so, he must decide which transaction or occurrence he wishes to pursue in this action—*i.e.*, that relating to the  excessive force in retaliation for filing grievances, that related to inadequate medical care, or that alleging interference with his mail and access to the courts.

The Court will now turn to Plaintiff's individual claims and legal standards applicable to them.

### C.   Retaliation

"[P]risoners have a First Amendment right to file prison grievances" and to be free from retaliation for exercising this right.  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009); *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  There are five elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes*, 408 F.3d at 567-68.

Plaintiff has pled the first four elements.  He alleged that he was assaulted and harassed, his cell was searched, and false reports were written against him as a result of his filing of grievances – a protected action under the First Amendment.   *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989).  The assault occurred following a verbal altercation with Defendant Sanchez regarding Plaintiff's filing of grievances.  *See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a

---

[2] Aside from the legal requirements, Plaintiff may want to consider whether, from a purely practical standpoint, his attempt to join so many peripheral Defendants and claims helps or hurts his cause.  Certainly the number and diversity of the claims and Defendants may make it more difficult to follow each and more difficult to prove them at trial.  There also may be a risk that it will be more difficult for the trier of fact to believe that this large number of unrelated people affirmatively acted to have Plaintiff brutalized and deprived of his rights for no reason whatsoever.

prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); *see also Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").   A physical assault and false reports resulting in disciplinary action may chill or silence a person of ordinary firmness from future First Amendment activities.   *See Rhodes*, 408 F.3d at 568-69 (*citing Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).

With respect to the fifth element, however, Plaintiff has not affirmatively alleged that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).   Plaintiff will be granted leave to amend to allege true facts supporting this fifth element.   In so doing, Plaintiff should set forth other facts, statements, or events, if any, that gave rise to or immediately preceded the assaults on him and what, if any, justification was given for those assaults by Defendants or other prison authorities.

### D.   Eighth Amendment

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement."   *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).   Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety.   *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).   Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.   *Id.* at 833.

### 1.   Excessive Force

To state an excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain."   *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Whether the force applied inflicted unnecessary and wanton pain turns on whether the

"force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley*, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks omitted); *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

Plaintiff believes that Defendants Dickerson, Casillas, Sanchez, Curliss, and Serena assaulted him for filing grievances by hitting him with their batons and punching him. However, as noted above, he has not affirmatively alleged that there was no legitimate penalogical purpose for Defendants' said actions. Plaintiff will be granted leave to amend to allege true facts, statements, or events, if any, that gave rise to or immediately preceded the assaults on him and what, if any, justification was given for those assaults by Defendants or other prison authorities.

Plaintiff also alleges that Defendant Woods verbally and sexually harassed him by calling him "a no good piece of shit inmate, a dropout, a rat, and threaten[ing] [him] with a write up." (Compl. at 3). "[V]erbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (implying that harassment "calculated to . . . cause [the prisoner] psychological damage" might state an Eighth Amendment claim) (*citing Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that "the Eighth Amendment's protections do not

necessarily extend to mere verbal sexual harassment.").  Plaintiff has not alleged what, if any, psychological or emotional damage this caused him or how these statements amount to sexual harassment.  Therefore, Plaintiff has not stated an Eighth Amendment claim against Defendant Woods based on verbal harassment.

### 2.      Failure to Intervene

To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  *Farmer*, 511 U.S. at 834.  "Mere negligence is not sufficient to establish liability."  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety.  *Farmer*, 511 U.S. at 837.  That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*

If there were a legitimate penological purpose for the attack on Plaintiff, Defendant Casillas would have no liability for failing to intervene to try and stop it.  The opposite is true as well.  Thus, if Plaintiff amends to assert a viable excessive force claim against the other Defendants and also realleges that Defendant Casillas saw it, had the opportunity to intervene, and yet failed to intervene, he may state a cognizable Eighth Amendment claim against Defendant Casillas.

The same is true with regard to the alleged failure of Defendant Escarcega, the responding supervisor, and Defendant Cantu to stop the attack.  However, with regard to them, it also is unclear from the allegations whether these Defendants were in a position to act.  *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (denying defendants' motion for summary judgment because they did not provide affidavits stating that they did not have the opportunity to intervene).  Accordingly, Plaintiff has failed to allege a cognizable Eighth Amendment claim against Defendants Escarcega and Cantu.

1
2
3
4
5
6

Lastly, Plaintiff concludes that Defendants Holland, Gutierrez, Sandor, Lewis, Matzen, Allen, and Wedertz knew of the assault. As noted, mere knowledge of excessive force, without the opportunity to intervene, is insufficient. Plaintiff must allege facts showing that each Defendant individually knew of the assault, that it was a non-justified assault, that they were in a position to do and should have done something about it, and they failed to intervene to stop it.

7

### 3. Medical Indifference

8
9
10
11
12
13
14
15
16

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Id.* at 1096 (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)).

17
18
19
20
21
22
23
24
25
26

The extent of Plaintiff's injuries from the assault is unclear from his allegations. His suggestion that he needed medical triage treatment appears based solely on his non-expert opinion, *i.e.*, pure speculation. Neither Plaintiff's belief of these matters – no matter how sincerely held – nor his desire for alternative treatment is a basis for a civil rights claim. Mere disagreement with treatment decisions does not give rise to an inadequate medical care claim. Plaintiff must allege facts supporting the conclusion that the treatment chosen was medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff makes no such showing here.

27
28

In the same vein, Plaintiff fails to allege which injuries Defendant Settles did and did not report and the factual basis for his claim that the failure to report all amounted to

deliberate indifference.

Plaintiff will be given leave to amend.  If he chooses to do so, he must allege facts demonstrating how Defendant Settles knowingly denied, delayed, or interfered with medically necessary care for his injuries or knowingly provided care that was medically unacceptable, causing him harm.

### E.   Interference with Mail

Plaintiff alleges that prison officials interfered with his legal mail.  Prisoners have a right under the First Amendment to send and receive mail.  *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  "However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'"  *Id.* at 265 (*quoting Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Plaintiff has not stated a First Amendment claim.  He does not allege: 1) what, if any, regulations the prison had regarding outgoing legal mail; 2) if and how those regulations or their implementation were not "reasonably related to legitimate penological interests"; 3) if and how the regulations were not followed; and 4) how his rights were impaired as a result.  *Id.*  Plaintiff will be granted leave to amend.

### F.   Access to Courts

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  *Lewis v. Casey*, 518 U.S. 343, 354 (1996).  A plaintiff must show that he suffered an "actual injury," *i.e.* prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  *Id.* at 348-49.  An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim.  *Id.* at 351.

Plaintiff's allegation that his grievance appeals and legal mail were not properly processed is insufficient to state a viable cause of action unless he also alleges facts

showing he was denied access to the courts as a result.  While he alleges that his *in forma pauperis* petition was removed from his legal mail in case 14-CV-150-DLB, he alleges no resulting injury.  The docket in that case shows that Plaintiff's petition was received by the court on February 5, 2014.

### G.    Linkage and Supervisory Liability

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 691 (1978).  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  *Iqbal*, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Defendants cannot be held liable for being generally deficient in their supervisory duties.

Plaintiff does not mention how Defendants Avalos or Atencio personally acted to violate his constitutional rights with respect to his legal mail.  (Compl. at 6.)

Plaintiff makes conclusory allegations that Defendants Sanchez, Casillas, Dickerson, Cantu, Escarcega, Dailo, Westergren, Smith, Lopez, Lucas, Allen, Lewis and Gutierrez fabricated reports about the assault and that Defendants Holland, Gutierrez,

Sandor, Lewis, Matzen, Allen, and Wedertz knew of the assault and the false reports filed by the others. As pled there is no reason to believe this is anything more than pure speculation by Plaintiff, a statement of what he believes they should have seen and/or known. To state cognizable claims against them, Plaintiff should include sufficient facts to show how each Defendant personally was linked to a given report and/or facts showing Plaintiff's basis for alleging they saw the assault. He should identify the reports fabricated, which Defendants fabricated which reports, how they fabricated them, and how that fabrication violated his constitutional rights. As above, he must include facts showing how each Defendant personally participated in the assault and/or the constitutional violations related to it.

The Court will grant Plaintiff leave to amend his complaint to state a claim against these Defendants. To do so, Plaintiff needs to set forth sufficient truthful facts showing that these Defendants personally took some action that violated his constitutional rights. Mere supervision of individuals responsible for a violation is insufficient.

### H.    Due Process

Plaintiff complains of the manner in which Appeals Coordinators Alomari and Jackson processed and rejected his grievance.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Id.* Liberty interests may arise from the Due Process Clause or from state law. *Id.*

Prisoners have no stand-alone due process rights related to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance or denying a grievance does not constitute a due process violation. *See, e.g.*, *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals

failed to state a cognizable claim under the First Amendment); *Williams v. Cate*, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff has not stated a cognizable due process claim against Defendants Alomari and Jackson.  Since no such rights exist relative to the administrative grievance process, leave to amend would be futile and is denied.

## I.    Unreasonable Search

To the extent that Plaintiff complains of Defendant Laird's search of his cell, he has no Fourth Amendment right of privacy in his cell.  *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984); *see also Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (recognizing a right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the continual surveillance of inmates and their cells required to ensure security and internal order).  Therefore, any Fourth Amendment claim on this basis necessarily fails.

## J.    *Heck* Bar

Plaintiff alleges that Defendants Baker, Holland, Wedertz, Lucas, Dailo, Allen, Gutierrez, Lewis, Jones, Lopez, and Schoolcraft approved and imposed reductions in his good time credits.  It is unclear from Plaintiff's complaint whether his 60 and 90-day losses of good time credit following his disciplinary proceedings and grievance filings will affect the length of his sentence.  If Plaintiff is claiming that the loss of good time credit will result in a lengthier sentence, his cause of action is barred by Heck, and he must pursue such claims by filing a *habeas corpus* petition.  *See Ramirez*, 334 F.3d at 856 (the application of *Heck* "turns solely on whether a successful § 1983 action would necessarily render invalid a[n] . . . administrative sanction that affected the length of its prisoner's confinement").

Often referred to as the *Heck* bar, the favorable termination rule bars any civil rights claim which, if successful, would demonstrate the invalidity of confinement or its

duration. Such claims may be asserted only in a *habeas corpus* petition.  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

### K.    Injunctive Relief

Plaintiff seeks injunctive relief against the Defendants who assaulted him. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20).

Plaintiff has failed to show that he is likely to succeed on the merits or that the balance of equities tips in his favor since at this stage of the proceedings he has failed to state a cognizable claim.

Plaintiff also fails to suggest a real and immediate threat of injury.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.").  Plaintiff's allegation that his life is in imminent danger is not supported by the facts plead.  There are no allegations that any of the Defendants intend or have threatened to harm Plaintiff again based on his filing of grievances.

Plaintiff has failed to state a claim for injunctive relief but will be given leave to amend.

### L.    Declaratory Relief

In addition to damages, Plaintiff seeks unspecified declaratory relief.  If Plaintiff is seeking a declaration that the Defendants violated his constitutional rights, his claims for damages necessarily entail a determination of whether his rights were violated, and therefore, his separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).  Should Plaintiff seek some other declaratory judgment, he must clearly specify what relief he seeks and how such relief would settle "a substantial and important question currently dividing the parties." *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992).

### M.    Exhaustion

Plaintiff states that exhaustion is "void" because he was assaulted for trying to pursue administrative remedies.  (Compl. at 2.)  However, he also states that his appeal is currently being processed at the second level of review.

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Ngo v. Woodford*, 539 F.3d 1108, 1109 (9th Cir. 2008) (*quoting Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

If Plaintiff chooses to amend, he should allege facts showing how he exhausted the administrative remedies at each level of his prison appeal as to all named Defendants or that he was exempted from such exhaustion requirements.  *See*, *e.g.*, *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has

been recognized where a prison official renders administrative remedies effectively unavailable).

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to file an amended complaint.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  *Roth v. Garcia Marquez*, 942 F.2d 617, 628-629 (9th Cir. 1991).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an "amended complaint supersedes the original" complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

2.     Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:    January 12, 2015                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE